1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARCELLA PARR,

                                        Plaintiff,

        v.

ELDORADO RESORTS CORPORATION, et al.

                                        Defendants.

Case No. 2:15-cv-01030-RFB-PAL

**ORDER**

13    Before the court is the parties' Stipulated Protective Order (Dkt. #26), which the court

14  approved to facilitate the parties' discovery exchanges.  This order is intended to remind counsel

15  and the parties that there is a presumption of public access to judicial files and records.  A party

16  seeking to file a confidential document under seal must file a motion to seal and must comply

17  with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172

18  (9th Cir. 2006).

19    Although the court approved the blanket protective order, the parties have not shown, and

20  court has not found, that any specific documents are secret or confidential.  The parties have not

21  provided specific facts supported by affidavits or concrete examples to establish that a protective

22  order is required to protect any specific trade secret or other confidential information under Rule

23  26(c) of the Federal Rules of Civil Procedure or that disclosure would cause an identifiable and

24  significant harm.  The Ninth Circuit has held that there is a presumption of public access to

25  judicial files and records, thus, parties seeking to maintain the confidentiality of documents

26  attached to non-dispositive motions must show good cause exists to overcome the presumption

27  of public access.  *See Kamakana*, 447 F.3d at 1179.  Parties seeking to maintain the secrecy of

28  documents attached to dispositive motions must show compelling reasons sufficient to overcome

1

the presumption of public access. *Id.* at 1180.  Under *Kamakana*, the party designating documents confidential should submit a memorandum of points and authorities presenting articulable facts that identify the interests in favor of the documents' continued secrecy and showing that these specific interests outweigh the public's strong interest in transparency.

In addition to *Kamakana*, the parties are required to follow the proper CM/ECF procedures for any requests to file documents under seal.  Special Order 109 requires the Clerk of the Court to maintain in electronic form the official files for all cases filed on or after November 7, 2005.  The electronic record constitutes the official record of the court.  Pursuant to LR 10-5 of the Local Rules of Practice, attorneys must file documents under seal using the court's electronic filing procedures:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures.  If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____."  All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

*See* LR 10-5(b).

To streamline the process of sealing or unsealing documents as may be necessary, the parties are instructed to electronically file the documents they want sealed as separate attachments from the main document in CM/ECF.  When portions of a filing may be sealed, litigants must not combine their motion, memorandum of points and authorities, declaration, and/or exhibits into one PDF document and then file that single PDF as the "main document" in CM/ECF's document upload screen.  This practice makes it impossible for the Clerk of the Court to unseal documents the court finds should not be sealed because the docketing clerks cannot separate the pages for sealing purposes.  Instead, litigants should save *each* exhibit they want sealed as a separate PDF document and then file each PDF in CM/ECF's document upload screen as "attachments" to a main document.  The court's review of any motion requesting leave to file under seal will be complicated by the parties' failure to properly file their exhibits through CM/ECF.

1    The shortcut of filing only one PDF inevitably causes additional work for the court, the

2    clerk's office, and litigants.  Should leave to file under seal be granted for some but not all

3    documents, the court must then order litigants to refile the unsealed documents, rather than

4    simply instructing the clerk's office to unseal the documents the court has found should not

5    remain sealed.   Counsel are responsible for instructing their staff regarding the correct

6    procedures for filing documents under seal.  For additional direction, the parties may refer to the

7    updated procedures in *CM/ECF Version 4.0 Enhancements and Changes*, which is available on

8    the Court's website, or contact the CM/ECF Helpdesk at (702) 464-5555.

9    Accordingly,

10   **IT IS ORDERED** that the parties shall comply with LR 10-5(b), the Ninth Circuit's

11   opinion in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and the

12   CM/ECF filing instructions stated herein with respect to filing documents under seal.

13   Dated this 8th day of February, 2016.

14

15   _____
      PEGGY A. LEEN
16   UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28